**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| T. ROWE PRICE ASSOCIATES, INC.<br>100 East Pratt Street<br>Baltimore, MD 21202,<br><br>        Plaintiff,<br><br>  v.<br><br>L. FRANCIS CISSNA, Director<br>U.S. Citizenship and Immigration Services<br>20 Massachusetts Avenue, NW<br>Washington, DC 20529<br><br>KEVIN MCALEENAN, Acting Secretary<br>U.S. Department of Homeland Security<br>650 Massachusetts Avenue, NW<br>Washington, DC 20001<br><br>LAURA B. ZUCHOWSKI, Director<br>U.S. Citizenship and Immigration Services<br>Vermont Service Center<br>75 Lower Welden Street<br>St. Albans, VT 05479,<br><br>        Defendant. | Civil Action No. 19-cv-1417 |

**COMPLAINT**

**Introduction**

1.    Plaintiff T. Rowe Price Associates, Inc. ("T. Rowe Price") challenges the unlawful denial of its nonimmigrant petition (EAC-19-063-51454) seeking approval of H-1B classification on behalf of Mr. Weilian Xu under 8 U.S.C. § 1101(a)(15)(H).

2.    T. Rowe Price is a wholly owned subsidiary of T. Rowe Price Group, Inc., a financial services holding company that provides global investment management services through its subsidiaries to investors worldwide. The group provide an array of U.S. mutual funds,

separately managed accounts, subadvised funds, and other T. Rowe Price products, including: collective investment trusts, target date retirement trusts, open-ended investment products offered to investors outside the United States, and products offered through variable annuity life insurance plans in the United States. The company derives the vast majority of its consolidated net revenue and income from investment advisory services provided by Plaintiff T. Rowe Price and T. Rowe Price International Ltd.

3. As described in its initial petition to U.S. Citizenship and Immigration Services (hereinafter "USCIS" or "the Service"), T. Rowe Price seeks to employ Mr. Xu in the role of Senior Systems Security Analyst to develop and implement enterprise-wide solutions for application and systems security. Classified in the "Computer Systems Analyst" occupation according to the U.S. Department of Labor taxonomy, the minimum requirements of the role included "[a]ttainment of a Bachelor's degree or higher in Enterprise Risk Management, or a related field and related work experience." *See* Ex. 1 (December 13, 2018, Employer Support Letter).

4. On March 25, 2019, USCIS denied the H-1B petition. Focused entirely on the Plaintiff's stated minimum requirements, the notice concluded, "on the basis of the position's educational requirements alone, you have not established that the position is in a specialty occupation as defined above." (*See* Ex. 3 March 25, 2019 Notice from USCIS).

5. The denial of the petition by USCIS runs counter to, and fundamentally disregards, substantial evidence in the record. The decision is arbitrary and capricious and an abuse of its discretion, and not in accordance with the law.

6. T. Rowe Price seeks an order overturning the denial and requiring USCIS to adjudicate and approve its H-1B nonimmigrant petition.

**Jurisdiction and Venue**

7. This is a civil action brought under 5 U.S.C. §§ 702, 704 of the Administrative Procedure Act ("APA"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question subject matter jurisdiction) and 28 U.S.C. § 1361. This Court also has authority to grant declaratory relief under 28 U.S.C. §§ 2201–02, and injunctive relief under 5 U.S.C. § 702, and 28 U.S.C. § 1361. The United States waives sovereign immunity under 5 U.S.C. § 702.

8. Venue is proper under 28 U.S.C. § 1391(e)(1)(A) as a civil action brought against officers and agencies of the United States in their official capacities in the district where the Defendants reside.

**Parties**

9. Plaintiff T. Rowe Price is a Maryland corporation headquartered in Baltimore, MD.

10. Defendant USCIS is a component of the U.S. Department of Homeland Security ("DHS"), 6 U.S.C. § 271, and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). USCIS adjudicates petitions for immigration benefits, and denied the nonimmigrant petition T. Rowe Price filed on behalf of Mr. Xu.

11. Defendant L. Francis Cissna is the Director of USCIS. He has ultimate responsibility for the denial of T. Rowe Price's petition and is sued in his official capacity.

12. Defendant Kevin McAleenan is the Acting Secretary of DHS, and is sued in his official capacity.

13. Defendant Laura B. Zuchowski is the Director of the Vermont Service Center, and is sued in her official capacity. She leads the specific office within USCIS that adjudicated the petition.

**Legal Framework**

14. The Immigration and Nationality Act ("INA") provides H-1B classification for foreign nationals, in pertinent part, "coming temporarily to the United States to perform services… in a specialty occupation." 8 U.S.C. § 1101(a)(15)(H).

15. A specialty occupation is a position that requires the theoretical and practical application of a body of highly specialized knowledge, and attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation. 8 U.S.C. § 1184(i)(1).

16. DHS regulations define specialty occupation to mean "an occupation which requires theoretical and practical application of a body of highly specialized knowledge in fields of human endeavor including, but not limited to, architecture, engineering, mathematics, physical sciences, social sciences, medicine and health, education, business specialties, accounting, law, theology, and the arts, and which requires the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent, as a minimum for entry into the occupation in the United States." 8 C.F.R. § 214.2(h)(4)(ii).

17. Implementing regulations at 8 C.F.R. § 214.2(h)(4)(iii)(A) further provide that a position will satisfy the statutory definition of specialty occupation if it meets one of the following criteria:

- A baccalaureate or higher degree or equivalent is normally the minimum requirement for entry into the particular position;

- The degree requirement is common in industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular

position is so complex or unique that it can be performed only by an individual with a degree;

- The employer normally requires a degree or equivalent for the position; or
- The nature of specific duties is so specialized and complex that knowledge required to perform the duties is usually associated with attainment of a baccalaureate or higher degree.

18. To perform services in a specialty occupation, a beneficiary must, *inter alia*, hold a U.S. bachelor's or higher degree from an accredited college or university (or a foreign degree determined to be equivalent) as required by the specialty occupation. 8 C.F.R. § 214.2(h)(4)(iii)(C).

**Factual Allegations**

19. USCIS accepted an H-1B nonimmigrant petition filed by Plaintiff on behalf of beneficiary Mr. Weilian Xu on December 18, 2018.

20. Mr. Xu earned a Master of Business Administration degree in May 2015 from John Hopkins University. Mr. Xu's coursework included a formal concentration in Enterprise Risk Management, which required that he complete a series of classes that qualify him for the proffered role. These classes included Data Analytics, Cybersecurity, Quantitative Methods, Business Processes, Optimization Models, Managerial Decision Behavior, and Networked Organizations. (Ex. 1 at 7).

21. As Plaintiff's support letter describes in detail, the role of Senior Systems Security Analyst encompasses a range of job duties that includes studying the company's current computer/software systems and applications, and designing solutions to help the organization

operate more efficiently and effectively with a minimal degree of risk to the firm. The role requires a qualified candidate to operate at the intersection of business and information technology, understand the needs and limitations of both, and act as an intermediary between technical and business colleagues. (Ex. 1 at 2).

22. The company letter further elaborated on the role's duties in a chart that spanned nearly six full pages. This chart associated the positon's day-to-day duties with a percentage of time spent on each task, then connected each to a list of relevant coursework and skills that define the nature of this particular "specialty occupation" within the Computer Systems Analyst occupation generally. (Ex. 1 at 2-7).

23. USCIS issued a Request for Evidence ("RFE") on January 8, 2019, challenging the qualifications of the position as one that requires at least a bachelor's degree, or equivalent, in a specific specialty. *See* Ex. 2 (January 8, 2019 Notice from USCIS). The RFE did not call into question any particular piece of evidence, but provided a range of suggested documentation that T. Rowe Price could submit in response.

24. Specifically, the RFE characterized Enterprise Risk Management as "generalized field," and stated the Plaintiff "indicate[d] that the minimum entry requirements for the proffered position are a wide variety of disparate fields of study, as the offered position requires a bachelor's degree in Enterprise Risk Management." (*Id*. at 5).

25. Following its assertion that Enterprise Risk Management spans a "wide variety of disparate fields," the RFE concluded that by virtue of the requirement alone, the position could not qualify as a "specialty occupation" that requires a degree in a specific specialty. (*Id.*).

26. Plaintiff submitted its timely response on March 13, 2019, and, along with substantial evidence documenting the "specialty occupation" nature of the position, attached a

support letter from Rebecca Sudano, Global Mobility Specialist with T. Rowe Price. This letter provided an even more detailed explanation of the beneficiary's proposed day-to-day job duties and the company's minimum requirements for the role, and elaborated on the nexus between the duties and their associated requirements by analyzing every relevant course on the beneficiary's transcript. (*See* Ex. 4, Employer Response Letter).

27. The company's letter elaborated on the underlying skills required by the proffered role and concludes:

> The attainment of a Bachelor's degree or higher in Enterprise Risk Management, or a related field, is essential for the Senior Systems Security Analyst role, as it will equip the individual with the skills to observe a technology system (i.e. application, network device, database, etc.), determine how access should be implemented within that system, and develop both process and application code to implement that access model. Furthermore, the individual will be equipped with the ability to find vulnerabilities/ technical defects in technology systems, perform a risk analysis of the impact of those vulnerabilities to the system, and implement either process or technical controls to remediate that risk. (*Id.* at 8).

28. In addition to the second support letter, Plaintiff submitted the following documentation as evidence of the specialized nature of the role:

- An article from the *CPA Journal*, an internationally recognized publication for financial professionals, confirming the overlap of Enterprise Risk Management

and Information Technology;

- Examples of typical work product by a Senior Systems Security Analyst with the Plaintiff;

- Letter from William Agresti, researcher and consultant in IT and cybersecurity, confirming that a degree in Enterprise Risk Management or related is common for the occupation;

- Letter from Ruxian Wang, Associate Professor at the Carey Business School, also confirming that a degree in Enterprise Risk Management or related is common for the occupation;

- Legal memorandum clarifying the evidence presented and confirming that Plaintiff established the position as a specialty occupation by a preponderance of the evidence; and

- Excerpts from the U.S. Department of Labor's Occupational Outlook Handbook and Excerpts from O*Net related to the Computer Systems Analyst occupation.

29. Dr. Agresti, security consultant and retired full professor from the Johns Hopkins Carey Business School, states in his letter that the Enterprise Risk Management curriculum "prepare[s] students to apply a combination of business analysis skills in security and risk management," and confirms that students who complete the beneficiary's concentration "typically accept offers for positions as Systems Security Analysts, Systems Architects, Business Systems Analysts, Data Analysts, etc."

30. Professor Wang reaches the same conclusion, and notes that "the advanced quantitative skills on data analysis and database development will enable our students to quickly

respond and handle risk-related threats and uncertainties through real-time data analytics and scenario planning."

31. USCIS ultimately denied Plaintiff's petition on December 17, 2018. Again focusing entirely on Plaintiff's stated minimum requirements for the role as described in the initial support letter, the denial concludes that Plaintiff did not establish the eligibility of the proffered position under any of the four "specialty occupation" factors enumerated by regulation at 8 C.F.R. § 214.2(h)(4)(iii)(A).

32. Despite a detailed response from the Plaintiff supported by additional credible documentation, the denial simply reiterates the same issue that it outlined in the RFE as its basis for the denial:

> You indicated that the minimum entry requirements for the offered position are a wide variety of disparate fields of study, as the offered position requires a bachelor's degree in Enterprise Risk Management or a related field. However, there must be a close correlation between the required 'body of highly specialized knowledge' and the position. A minimum entry requirement of a bachelor's degree in disparate field of study, does not meet the requirement that the position requires a degree 'in the specific specialty (or its equivalent)' unless you establish how each field is directly related to the duties and responsibilities of the particular position. (Ex. 3 at 3).

33. Contrary to the Service's characterization of the evidence on record, the job description and additional evidence submitted by the Plaintiff in response to the Service's RFE

included substantial documentation and legal analysis around the "specific specialty" issue, including a review of the academic coursework and body of knowledge required by the occupation. The denial does not acknowledge this evidence in any meaningful way. Instead, it merely reiterates the template language contained in its prior RFE. On this point, the denial is unsupported by substantial evidence in the record.

34. Furthermore, neither the INA nor implementing regulations supports the denial's characterization of the "specific specialty" described in Plaintiff's petition as requiring a single field of study or exclusive degree. This impermissibly narrow interpretation is contrary to law.

35. Similarly, the denial's claim that the petition must be denied unless Plaintiff establishes "how each field is directly related to the duties and responsibilities of the particular position" is both unsupported by substantial evidence and contrary to law.

36. These conclusions contradict the denial's prior assertion that USCIS examined the totality of the evidence under the required "preponderance of the evidence" standard.

37. This denial leaves Mr. Xu at risk of losing his work authorization upon the expiration of his nonimmigrant status.

38. Unless the Court vacates the denial of T. Rowe Price's petition, the company will likely lose the services of a valuable employee in the United States.

**Exhaustion**

39. The December 17, 2018, denial by USCIS of T. Rowe Price's petition constitutes a final agency action under the APA, 5 U.S.C. § 704. Neither the INA nor DHS regulations at 8 C.F.R. § 103.3(a) require administrative appeal of the denial.

40. Under 5 U.S.C. §§ 702 and 704, T. Rowe Price has suffered a "legal wrong" and has been "adversely affected or aggrieved" by agency action for which there is no adequate

remedy at law.

## CAUSE OF ACTION

### COUNT I

**Administrative Procedure Act Violation (5 U.S.C. § 706)**

41. Plaintiff incorporates the allegations set forth in the preceding paragraphs.

42. Defendants' denial of the Plaintiff's nonimmigrant petition constitutes final agency action that is arbitrary, capricious, an abuse of discretion, and not in accordance with the law.

43. No rational connection exists between the conclusions asserted by USCIS in its denial and the facts in the record.

## REQUEST FOR RELIEF

The Plaintiff requests that this Court grant the following relief:

1. Declare the Defendants' denial of T. Rowe Price's H-1B petition is unlawful.

2. Vacate the denial and order Defendants to promptly approve the nonimmigrant petition.

3. Award Plaintiff its costs in this action; and

4. Grant any other relief that this Court may deem proper.

Dated: May 15, 2019　　　　　　　　　　MORGAN, LEWIS & BOCKIUS LLP

　　　　　　　　　　　　　　　　　　　By: /s/ Eleanor Pelta
　　　　　　　　　　　　　　　　　　　　Eleanor Pelta (DC Bar No. 418076)
　　　　　　　　　　　　　　　　　　　　eleanor.pelta@morganlewis.com
　　　　　　　　　　　　　　　　　　　　Daniel D. Schaeffer (DC Bar No. 888208991)
　　　　　　　　　　　　　　　　　　　　daniel.schaeffer@morganlewis.com

　　　　　　　　　　　　　　　　　　　1111 Pennsylvania Avenue, NW
　　　　　　　　　　　　　　　　　　　Washington, DC 20004
　　　　　　　　　　　　　　　　　　　Telephone:　+1.202.739.3000
　　　　　　　　　　　　　　　　　　　Facsimile:　+1.202.739.3001

　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff